## LEVAN *v.* THE STATE.

COBB, P. J. 1. When, in the trial of one charged with keeping a gaming-house, the evidence offered to support the charge leaves it uncertain whether the acts testified to were committed before or after the finding of the indictment, the court may properly admit the evidence and instruct the jury not to consider the same if they reach the conclusion that the acts referred to therein were committed subsequently to the filing of the indictment.

2. In the present case it appears that "during the hearing of evidence upon the question of time" the judge distinctly stated to the jury that while the State was not confined to the exact date named in the indictment, it must show that the offense was committed at some time within two years prior to the filing of the indictment, and that any acts shown by the evidence to have been committed subsequently to the filing of the indictment must not be considered; and in the general charge also distinctly instructed the jury that to authorize a conviction the evidence must satisfy them beyond a reasonable doubt that the accused kept and maintained a gaming-house at some time within two years prior to the time that the indictment was filed.

3. The charge of the court fairly submitted the issues to the jury. The extract therefrom upon which error is assigned is not erroneous for any reason assigned. If any further instructions upon the theory of the defense set up in the defendant's statement had been desired, they should have been made the subject of timely appropriate written requests.

4. The evidence authorized the verdict, and no sufficient reason appears for reversing the judgment. *Judgment affirmed. All the Justices concur.*

Submitted April 16,—Decided May 11, 1906.

Indictment for keeping gaming-room. Before Judge Cann. Chatham superior court. February 17, 1906.

*Edmund H. Abrahams,* for plaintiff in error.

*William W. Osborne, solicitor-general,* contra.