### 22122. VINSON *v.* THE STATE.

*Judgment affirmed. Broyles, C. J., and Jenkins, P. J., concur.*
DECIDED APRIL 30, 1932.

### 22123. VINSON *v.* THE STATE.

BROYLES, C. J. 1. Where two persons, acting together and in concert, hold up and rob another, one of the robbers having a pistol in his hand, and the other robber having no pistol but being present and assisting in the hold up and robbery, and the scene of the robbery being outside the home and place of business of the one carrying the pistol, and he being without a license to carry it, both of them are guilty of the offense of carrying a pistol without first having secured a license

therefor. This is so because in misdemeanors all persons who are present at the scene of the crime, aiding and abetting the actual perpetrator thereof are guilty as principals.

2. The indictment charged that the offense was committed on September 6, 1931, and the defendant was tried on October 12, 1931. The witnesses testified that the crime was committed on "Sunday, September 6th." Under these circumstances, and in the absence of anything to the contrary, the jury were authorized to find that the date of the offense was September 6, 1931. *Plair* v. *State*, 23 *Ga. App.* 574 (99 S. E. 61), and cit.

3. The defendant was tried on an indictment containing two counts, the first count charging carrying a pistol without having a license therefor, and the second charging the carrying of a concealed pistol. In his charge the judge submitted to the jury the first count only of the indictment. This was equivalent to instructing them that the accused could not be convicted on the second count. The jury, however, returned a verdict of guilty on both counts. The verdict was properly construed by the court as meaning guilty on the first count only, and sentence in accordance therewith was imposed. See *Hall* v. *State*, 43 *Ga. App.* 224 (158 S. E. 357).

4. Error is assigned upon the following charge: "If you believe that Olin Smith did have and carry about his person, and did have in his manual possession, a pistol, outside of his own home and place of business, without having obtained a license from the ordinary of Fulton county, and you believe that Bill Vinson was present, aiding and abetting in what was done; that there was a conspiracy between the two to do the act that was done, and that the use of this pistol was a part of that conspiracy, then you would be authorized to find the defendant [Bill Vinson] guilty on count 1 of the indictment." The error assigned is that the indictment did not charge, and the evidence did not show, that the defendant resided in Fulton county, and, therefore, the charge in reference to obtaining a license from the ordinary of that county was error. Conceding the error, it does not appear how the defendant was injured thereby. The ground complaining of the charge does not even allege injury. The evidence showed that the carrying of the pistol was at a place other than the home or place of business of either Smith or the defendant. Such evidence made a prima facie case for the prosecution, and the burden was then put upon the defendant to show that he had obtained from the ordinary of his home county a license to carry a pistol. This he made no attempt to do. It was not incumbent on the State to prove that he had not secured a license from the ordinary of Fulton or any other county. It follows that the error in the charge was harmless.

5. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed. Jenkins, P. J., and Luke, J., concur.*

DECIDED APRIL 30, 1932.

222

*F. Joe Turner Jr.*, for plaintiff in error.

*John A. Boykin*, solicitor-general, *E. A. Stephens, J. W. LeCraw*, contra.