33479.   HELTON *v.* THE STATE.

DECIDED JUNE 5, 1951.   REHEARING DENIED JULY 17, 1951.

486

*W. O. Cooper Jr., Floyd M. Buford*, for plaintiff in error.

*Charles H. Garrett, Solicitor-General, William M. West*, contra.

GARDNER, J. 1. The defendant moved for a mistrial, which motion was overruled by the court, and error is assigned thereon in the third special ground of the amended motion for new trial. While the defendant was making his supplemental statement to the jury, he pulled from his pocket his U. S. Army discharge in order to read therefrom, when the prosecuting attorney objected, stating to the court "I doubt that the defendant in his statement can take an envelope or information and exhibit or offer it into evidence into the record. I don't want to be technical, but I don't think that is proper and I don't think that counsel should arrange for defendant to attempt to introduce evidence through the defendant, through the defendant's statement." During this colloquy, the jury had been retired. The court thereupon overruled the defendant's motion for a mistrial but permitted the defendant to continue with his statement and

to exhibit his army discharge and inform the jury of the contents thereof, after the jury had returned.

The court did not err in refusing to declare a mistrial. This was not such an interruption by the prosecuting attorney of the defendant in making his statement to the jury as to harm and prejudice the defendant's case before the jury, nor such interruption as would confuse the defendant in making his statement as he saw fit regarding his discharge or such as would prevent him from making such statement to the jury concerning such other things, as he saw fit to put before the court and jury, in his statement. The defendant was permitted to continue with his statement and to inform the jury as to his army service record and to inform the jury as to the contents of his honorable discharge from the U. S. Army.

2. Special ground 2: The court charged the jury as follows: "Voluntary drunkenness shall not be an excuse for any crime, unless such drunkenness was occasioned by fraud, artifice or contrivance of another person for the purpose of having a crime perpetrated. If it be a fact that one accused of crime was drunk at the time of the alleged crime then that fact may be shown, like any other fact to throw light, if it does throw light, on the transaction; but one voluntarily drunk is presumed, like any other person, to understand the nature and probable consequences of his act." Error is assigned on this excerpt from the charge of the court in the second special ground of the motion for new trial. It is insisted by the defendant that the court erred in so charging the jury (1) because the court assumed thereby that a crime had been committed, and this was a question for the jury, (2) because the record did not show that the defendant was drunk and such charge gave to the State the benefit of a theory not authorized by the evidence; and (3) because the same was argumentative in favor of the State and prejudicial to the defendant's rights and such charge "was absolutely unauthorized by the evidence in the case or any contentions made by the defendant or by the State." The defendant further contends that this charge amounted to an expression of opinion by the trial judge that the defendant was voluntarily drunk and gave to the jury the impression that the defendant was pleading such drunkenness as an excuse for the charge against him.

This excerpt from the charge of the court was not argumentative and the court did not thereby assume that any crime had been committed. Neither did said charge amount to an expression of opinion by the court that the defendant was voluntarily drunk at the time. Said charge set forth a correct principle of law. See *Adkins* v. *State*, 198 *Ga.* 720 (32 S. E. 2d, 768), and *Harrell* v. *State*, 69 *Ga. App.* 482 (26 S. E. 2d, 151). While under the testimony for the State it did not appear that the defendant was drunk and committed the offense charged while in that condition, the manager of the Ritz theater, L. C. Smith, testified that "I'd say he had about two bottles of beer," and that this was a "rough estimate from what he smelled on his breath." The witness testified "I know he had been drinking something and it smelled like beer and (from) the influence he was under he couldn't have possibly had over two bottles." The police officer making the arrest of the defendant testified: "As to whether Mr. Helton was drunk or sober at the time of my observing him,—well, he had the odor of alcohol on his breath, his eyes were a bit red, he didn't appear to be a drunk man to me." This witness testified on cross-examination that the defendant had had something to drink, but that he could not tell whether it was whisky or beer and "as to whether he seemed groggy or frightened, well, maybe say stupid, or frightened, or something." The defendant in his statement stated that he drank and that "at this particular time he drank six or eight bottles of beer" and was "a little too full to be on the street" and, therefore, that he went into the show to "try to relax until I got able to go home" and that during that time he must have dropped off to sleep "or something happened" and he knew nothing until the theater manager grabbed him and threw him out of his seat. It follows that the defendant's contention that this charge on the question of voluntary drunkenness was not authorized by the record is not well founded. It appears from the defendant's statement that he drank several bottles of beer and feeling that he was too "full" of this beer to go home or to be on the streets he went into this theater to "relax."

The charge was fully authorized under the facts, particularly the statement of the defendant.

3. In the fourth special ground it is urged by the defendant that the court erred in not accepting and receiving the verdict of the jury as the same was originally returned, in which the jury found, "We, the jury, find the defendant guilty and fix his sentence at not less than one year or more than one year and recommend that the charges be changed' to a misdemeanor." The court refused to accept this verdict and instructed the jury that "The verdict is not entirely in conformity with the instructions given you by the court, and I doubt the advisability of the court receiving this verdict in the form that it is written," and stating in effect that they were without the power to change or alter the charges against the defendant, but that they could, if they found the defendant guilty as charged, recommend that he be punished as for a misdemeanor. The jury thereupon returned this verdict, "We, the jury, find the defendant guilty and fix his sentence at not less than one year nor more than one year and recommend that he be punished as for a misdemeanor." Whereupon, the trial judge sentenced the defendant to serve 12 months on the public works. The defendant assigns as error the refusal and failure of the court to accept the verdict as first returned, in that the jury had the lawful right to change the charge in the indictment "from a felony to a misdemeanor," and that the jury made the recommendation to the court to change the sentence from a felony to a misdemeanor because the jury considered the army record of the defendant and had some doubt as to his guilt and evidently believed that the touching of the girl by the defendant was accidental. There is no merit in this ground of the amended motion. The legislature made a violation of said act of 1950 (Ga. L. 1950, p. 387) under which the defendant was indicted, a felony, and the jury had no right or power to recommend that the charge against the defendant be changed from a felony as provided by this statute, to a misdemeanor, and the judge could not alter said charge. The right of the jury to recommend that the defendant be punished as for a misdemeanor does not include the right to alter the indictment against the defendant from an indictment charging a felony to one charging a misdemeanor.

The fact that the jury may have been impressed by the war record of this defendant, and have entertained strongly the

belief that the touching of the girl was accidental does not, if this could be ascertained, confer upon the jury and the court any right and power to alter the charges against the convicted person. Besides, if the jury believed so strongly that the defendant did not touch this little girl with intent to arouse his passion and to gratify his lust, a verdict of not guilty should have been rendered.

However, the judge did follow the recommendation of the jury and assessed misdemeanor punishment although he assessed 12 months in the work camp, the maximum fixed by law in that institution, instead of 1 year in the penitentiary as provided by the verdict of the jury without the recommendation and pursuant to the law providing that felonies shall be punishable by imprisonment in the penitentiary.

4. It is insisted in the fifth special ground that the trial judge abused his discretion in regard to the final verdict returned by the jury by "not approving the recommendation of the jury recommending the defendant to the mercy of the court by allowing the defendant to pay a fine in lieu of a straight twelve months sentence or permitting the defendant to serve the sentence on probation or suspend same on good behavior." This is so, the defendant urges, because the defendant introduced evidence as to his good behavior or character; that he had never been convicted of any previous offense; that there was evidence from the State witnesses that the offense charged was accidental and not intentional; that the evidence for the State was circumstantial and raised only a bare suspicion of guilt, and that the defendant had established the fact that he had served honorably during the late war, with three and a half years in the South Pacific. We can not agree with this line of reasoning by the defendant. The jury were the triors of the facts and a verdict was rendered finding the defendant guilty, which verdict was not illegally rendered and was supported by the evidence.

5. In the sixth special ground the defendant contends that the court erred in allowing over the objection of his counsel the following question to be propounded on cross-examination to his character witness, A. L. Branan, "If those charges were true, would that materially affect your opinion of his character?" The witness replied, "Well, if he was guilty of the charge, it

would change my opinion, sir." This witness had previously testified on direct examination that the character of the defendant was good. There was no prejudicial error committed by the court with regard to the above. It is contended that this question called for an opinion as to the guilt of the defendant, and a conclusion as to the opinion of the witness regarding the defendant's good character. The witness was on cross-examination, and this court fails to see that the defendant was harmed by this question and the answer thereto. While we do not approve of the line of questioning by State's counsel and we do not approve of the ruling of the trial court thereon, in view of the whole record in the case, we do not think the assignment of error in this ground requires a reversal of the case.

6. The first special ground is but an amplification of the general grounds. The verdict of the jury that the defendant, Oscar L. Helton, violated the provisions of the act of 1950, making it a felony for one to take improper liberties with the person of a child under the age of 16 years, as charged in the indictment, was supported by the evidence, and was not contrary to law nor to the evidence. The defendant contends that the evidence shows that he attended a motion picture show in Macon, on August 26, 1950, and that while in said theater he dropped off to sleep and if he touched the leg or body of any person sitting back of him in the theater, it was done by his arm and hand falling off the seat accidentally and not with the intention of arousing, appealing to and gratifying his lust, passion and sexual desires. The jury could have found, but the evidence did not demand such a finding. There was competent evidence that the defendant was guilty as charged. The evidence also tended to show that the defendant was seen endeavoring to feel the persons of other little girls in this theater, and that these children had to move to get away from him, and the jury were authorized to find that this was deliberate on his part.

There is no merit in the contention that there is no evidence of the defendant's deliberately seeking to feel of the person of the child involved, except her testimony. But even if this were so, her testimony alone was sufficient to convict him. This is not a case where the defendant can not properly be convicted on the uncorroborated testimony of the child in question.

This State has long been in need of a statute such as the act of 1950 herein involved. Heretofore, a person seeking to take improper liberties with small girls could only be convicted of an assault. This is, indeed, a salutary law and the legislature is to be commended on its enactment.

No error of law appears and the evidence supports the verdict that the defendant was guilty as charged, and it follows that the trial judge did not err in overruling the defendant's motion for new trial, as amended.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*