### 35626. GUINN *v.* THE STATE.

TOWNSEND, J. 1. Motions to continue are within the sound discretion of the trial court, and this court will not interfere unless there is an abuse of such discretion. Code § 81-1419. Where, as here, the defendant on the morning of the trial announced ready as to an indictment charging him with molesting a minor child, and where, during the morning, this indictment was quashed and another returned identical in all respects with the first, except that certain portions of the anatomy were described by their technical rather than their colloquial terminology, it was not an abuse of discretion for the trial court to deny a continuance based on the sole ground that sufficient time had not been granted counsel to examine the new indictment and prepare his defense thereunder. See, in this connection, *Butts* v. *State*, 211 *Ga.* 16 (1) (83 S. E. 2d 610).

2. The evidence of the prosecutrix, a child of seven, was clear and convincing as to the acts of the defendant on her person, and was sufficient to authorize the verdict; in view of the fact that the child was examined by the court as to competency and found to understand the nature of an oath. The defendant admitted that he was in the cornfield with the child and her brother on the day in question, helping her father to plant corn, and that he sent the little brother back to the house with some tobacco, but denied committing the act for which he was on trial. It is not essential, for the evidence to authorize a conviction, that the testimony of the child be corroborated. *Curry* v. *State*, 87 *Ga. App.* 451 (1) (74 S. E. 2d 249). The verdict has the approval of the trial court and, no error of law appearing, it will not be disturbed by this court.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED APRIL 18, 1955.

*D. L. Lomenick, Jr.,* for plaintiff in error.
*Earl B. Self, Solicitor-General,* contra.