### 44880. PAGE v. THE STATE.

DEEN, Judge. 1. While it may be error to refuse on motion to delete from the pleadings taken into the jury room a notation of the verdict (in this case, mistrial) on the former trial of the case, in which connection see 120 ALR Anno., pp. 460, 467, the rule generally is that "if defendant's counsel wish such verdicts concealed from the jury, a request to this effect should be made at the proper time before the jury retire to

their room." *Hudson v. Hudson,* 90 Ga. 581 (7) (16 SE 349).

2. Complaint is made of the instructions to the jury on alibi and voluntary intoxication solely on the ground that they were not relevant under the evidence in the case. There was sufficient evidence to warrant the charges on these subjects.

3. On the trial of the defendant for the offense of child molestation, the defendant may be convicted on the uncorroborated testimony of a seven-year-old child provided that the examination as to her competency shows that she understands the nature of an oath. *Guinn v. State,* 91 Ga. App. 869 (2) (87 SE2d 367). The uncontradicted evidence in this case shows that the child was in fact in the home of the defendant, and the jury was authorized to believe her version of what happened rather than the defendant's unsworn statement and the testimony of his nine-year-old son.

*Judgment affirmed. Bell, C. J., and Eberhardt, J., concur.*

SUBMITTED NOVEMBER 3, 1969—DECIDED NOVEMBER 24, 1969.

*Smith, Gardner, Wiggins, Geer & Brimberry, M. M. Wiggins, Jr.,* for appellant.

*Robert W. Reynolds, District Attorney,* for appellee.