## 47754. KARAVOS v. THE STATE.

PANNELL, Judge. The defendant was indicted on two counts of violating the Georgia Drug Abuse Control Act because of sales, on different dates, of lysergic acid diethylamide (LSD). He was convicted on both counts and the jury set his punishment in each case as a $1,000 fine with a recommendation that the defendant be punished as for a misdemeanor. The trial judge entered a sentence of twelve months in each case and a fine of $1,000 in each case. The defendant appeals. *Held:*

1. The trial judge, upon cross examination of the State's first witness relating to a search warrant and about which there was no evidence adduced on direct examination, interrupted the examination and during a colloquy between court and counsel, said: "There is no search warrant involved. You don't need a search warrant to go buy something from somebody. You need a search warrant if you are going to search a man's premises, automobile or something like that. There is no evidence here of any such at all. *He just went to the fellow, so the evidence shows, and asked to buy it.* There is no evidence of any search." The italicized portion is claimed by the defendant to be the expression of an opinion as to what has been proven requiring a

reversal of the case under Code § 81-1104. No complaint was made at the trial. There is no merit in this enumeration of error. See *Pierce v. State,* 212 Ga. 88 (90 SE2d 417); *Miller v. State,* 122 Ga. App. 553 (3) (177 SE2d 838); *Mitchell v. Gay,* 111 Ga. App. 867 (8) (143 SE2d 568).

2. The trial judge gave a charge on circumstantial evidence. The defendant contends this charge was erroneous and confusing to the jury, but nowhere in his "argument" does he point out wherein the charge was error or wherein it was confusing to the jury. "An appellant has the burden of showing error which has hurt him. *Brown v. City of Atlanta,* 66 Ga. 71, 76; *Taylor v. R. O. A. Motors,* 114 Ga. App. 671, 677 (152 SE2d 631)." *Mahone v. State,* 120 Ga. App. 234 (3) (170 SE2d 48). Therefore, no cause for reversal on that ground is shown.

3. The Act of 1970 as amended by the Act of 1971 (Ga. L. 1970, pp. 949, 950; Ga. L. 1971, p. 902; Code Ann. § 27-2534) provides specifically, without exception, that the defendant shall have the right to conclude the argument on pre-sentence hearing, and the denial of this right may be cause for remanding the case to the trial judge for the purpose of re-sentencing. However, where, as in the present case, the record discloses that the district attorney, after the introduction of evidence on the pre-sentence hearing made an argument after the opening argument of the defendant's attorney, and it does not appear that the defendant's attorney offered or sought to make a concluding argument, nor does it appear there was any ruling by the court thereon, there is no cause for reversal and remand.

4. Error is enumerated on the charge to the jury to the effect that where a person is convicted of the second offense under the Georgia Drug Abuse Control Act, the offender shall be punished by a fine of not more than $3,000 or by imprisonment in a penitentiary for not

less than five years nor more than ten years, or both. The Georgia Drug Abuse Control Act so provides. Code § 79A-9916 (Ga. L. 1970, pp. 462, 463). It also provides that for the first offense the fine is set at not more than $2,000 and the years at not less than two, nor more than five. The defendant contends that the provision for a greater punishment for the second offense relates solely to prior convictions (see Ga. L. 1970, pp. 949, 950; Code Ann. § 27-2534), and does not apply where there is more than one count in an indictment. Since the jury found the defendant guilty on both counts and fixed the same punishment in each, the charge complained of, even if error as contended, was harmless.

5. Quaere: Whether, in a felony case, after the assessment of the fine only by the jury with recommendation that the defendant be punished as for a misdemeanor, the trial judge is authorized to sentence the defendant to serve twelve months in a public works camp in addition to the fine? The defendant does not attack the sentence on this ground and we do not decide the question.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

SUBMITTED JANUARY 11, 1973 — DECIDED FEBRUARY 22, 1973.

*Alexander & Jarrard, Alan M. Alexander,* for appellant.

*Harry N. Gordon. District Attorney,* for appellee.