## 52718. DECKER v. THE STATE.

CLARK, Judge.

This is an appeal from a conviction for the offense of child molestation involving an eight-year-old girl who accused her music teacher, the appellant. The incident allegedly occurred in a classroom during the showing of a film. Defendant presents eleven enumerations of error for review.

1. Error is asserted in the court allowing the eight-year-old prosecutrix to testify. This is without merit. The witness testified she understood what it meant to tell the truth, the necessity for telling the truth, that telling the truth is right, and that it is wrong to tell a lie. The examination was sufficient to determine that she understood the nature of her oath as required by Code Ann. § 38-1607. See *Turpin v. State,* 121 Ga. App. 294 (173 SE2d 455) and cits.

2. Enumerated as error is the court's refusal to allow defendant a thorough and sifting cross examination of the prosecutrix. The objected-to question concerned things done by boys in the first grade that may have been wrong. The court sustained the state's objection on the grounds of the irrelevancy of that line of questioning.

Appellant argues he should have been permitted such interrogation in order to discredit the witness as having an unhealthy preoccupation with sex.

The scope of cross examination is not unlimited. The extent of permissible cross examination lies within the sound discretion of the court. *Hudson v. State,* 137 Ga. App. 439 (1) (224 SE2d 48) and cits. An irrelevant or immaterial line of inquiry may be curtailed. *Hudson v. State,* supra; *Allen v. State,* 137 Ga. App. 302 (3) (223 SE2d 495); *Geiger v. State,* 129 Ga. App. 488 (4) (199 SE2d 861). Inquiry into the prosecutrix' past sexual experiences are irrelevant to whether or not she was molested by this defendant. See *Deen v. State,* 216 Ga. 387, 388 (3) (116 SE2d 595). See also *Price v. State,* 233 Ga. 332 (5) (211 SE2d 290); *Lynn v. State,* 231 Ga. 559 (1) (203 SE2d 221). The court did not abuse its discretion in limiting defendant's cross examination on this point.

3. In two enumerations defendant claims the court expressed opinions during interrogation in violation of Code Ann. § 81-1104. Review of the transcript shows that in neither instance complained of was there a contravention of judicial ethics by the trial jurist. See *Deese v. State,* 137 Ga. App. 476 (2) (224 SE2d 124). In neither of these situations did the defendant object to the court's remarks or move for a mistrial. It is too late to raise such objections for the first time on appeal. *Ezzard v. State,* 229 Ga. 465 (2) (192 SE2d 374) and citations; *Karavos v. State,* 128 Ga. App. 268 (1) (196 SE2d 355) and citations. These enumerations are without merit.

4. After the impaneling of the jury and prior to the presentation of evidence the court undertook to instruct the jury on the modus operandi of a trial. In doing so, he instructed them on the meaning of certain legal terms such as "reasonable doubt," how to deal with conflicts in evidence, and the necessity of lawyers making objections in representing their clients. These instructions were substantially correct statements of the law; they were not prejudicial to the defendant. The court also informed the jurors that at the end of the trial, after all the evidence was in and oral arguments completed, he would charge them on all the law applicable to the case. He directed that until that time they were not to deliberate, but were solely

to listen to the testimony. Rather than being error as defendant contends, this was a commendable effort by the court to educate lay persons as to trial procedures and to remove some of the mystery they attach to advocacy tactics.

Jurors are generally unfamiliar with the mechanics of a trial, civil or criminal, and may enter upon their duties with little or no idea as to how an actual trial is conducted, save those impressions garnered from television. It is quite helpful to the court, counsel, and even the parties, for the jurors to be reasonably well-informed about their duties and the conduct of a trial. This "pre-evidentiary" charge to the jury is a salutary recent development being adopted by many able trial jurists. Where, as here, such a charge is informative, accurate, and not prejudicial to the rights of the parties, then it is to be encouraged, not discouraged. It is the opinion of this court that such activity, properly handled, is of benefit, not detriment, to those in the position of an accused. The enumeration is without merit.

5. Another assignment of error asserts the state failed to prove the date of the offense. The indictment alleged the date of the offense as December 17, 1974. Much of the testimony involved an occurrence on January 14, 1975, the date alleged in the warrant sworn out by the girl's father. There was evidence that the child had reported the first incident to her mother on the day of its occurrence. The school superintendent testified as to two complaints by the girl's parents, one in mid-December 1974 and the other in mid-January 1975. The testimony of the prosecutrix was sufficiently corroborative of those dates as she said she had classes with defendant on Tuesdays. We take judicial notice that December 17, 1974 was a Tuesday, as was January 14, 1975. The indictment was returned April 11, 1975.

"The State is not confined to the date alleged in the accusation in proving the crime, but may prove it as of any date within the period of the statute of limitations . . ." *Duncan v. State,* 71 Ga. App. 841, 843 (32 SE2d 435). See *Veasey v. State,* 112 Ga. App. 651 (1, 2) (145 SE2d 745). It can be assumed in this case, looking to all the evidence concerning the date of the offense, that the witnesses were

referring to either December 1974 or January 1975. See *Warren v. State,* 76 Ga. App. 243 (3) (45 SE2d 726); *Vinson v. State,* 45 Ga. App. 220 (2) (164 SE 209); *Bruce v. State,* 40 Ga. App. 651 (151 SE 52). Circumstantial evidence may be used to ascertain the date in question. See *Veasey v. State,* 112 Ga. App. 651 (1, 2), supra; *Taylor v. State,* 5 Ga. App. 237 (62 SE 1048).

Whether the offense occurred within the statutory period and prior to indictment is a question for the jury to be resolved by them to their satisfaction and beyond a reasonable doubt. *Durrence v. State,* 20 Ga. App. 192 (3) (92 SE 962). It is not error for the court to charge that a particular day need not be proved. See *McLeod v. State,* 128 Ga. 17 (6) (57 SE 83); *Levan v. State,* 125 Ga. 278 (2) (54 SE 173); *Cripe v. State,* 4 Ga. App. 832 (1) (62 SE 567); *Wheeler v. State,* 4 Ga. App. 325 (1) (61 SE 409). There was sufficient evidence here to place the date of the offense clearly within the statutory period and before the warrant and indictment. See *Mathis v. State,* 16 Ga. App. 381 (4) (85 SE 352).

6. As to the claim that the verdict was contrary to the evidence, we find that there was sufficient evidence to find the defendant guilty of the crime of child molestation. See *Page v. State,* 120 Ga. App. 709 (2) (172 SE2d 207); *Ash v. State,* 96 Ga. App. 359 (2) (100 SE2d 149); *Guinn v. State,* 91 Ga. App. 869 (2) (87 SE2d 367); *Schamroth v. State,* 84 Ga. App. 580 (1) (66 SE2d 413); *Helton v. State,* 84 Ga. App. 485 (6) (66 SE2d 139). The enumeration is without merit.

7. Defendant enumerates as error the court's failure to grant a mistrial because the state, in its opening argument, related that the prosecution would undertake to prove two separate offenses to the jury whereas he was charged with only one. There is no merit in this contention.

In *Hunt v. State,* 233 Ga. 329 (211 SE2d 288) our Supreme Court held, at page 330, that: "It is, of course, the general rule that when a person is charged with a crime, proof of a distinct, independent, and separate offense is not admissible on the trial, even though it is a similar crime. There are exceptions to this rule, and these exceptions have been rather liberally extended in cases of

sexual crimes. . . In the present case there were numerous similarities between the crimes with which the appellant was charged and the crimes that the witness testified that the appellant committed on her. Such evidence would show the intent, motive, plan, scheme, and bent of mind of the appellant, and was relevant on the issue of whether or not the prosecutrix consented to the sexual acts." This rule was reaffirmed in *Thomas v. State,* 234 Ga. 635 (217 SE2d 152).

Moreover, this assertion was made during the opening statement as to what the state expected to prove. The court in its pre-evidentiary charge explained counsel's opening statements to be a vehicle whereby the attorneys "state their contentions of what they think the evidence is going to show." The argument was not prejudicial to defendant.

8. Enumerated as error is the court's allowance of the prosecutrix' father to give hearsay testimony. The hearsay was elicited by the question "Why did you take out the warrant? What prompted you to take out a warrant?" The witness, in giving his answer, testified to what his wife had told him after the child had reported the January incident. Hearsay evidence may be admitted to explain conduct and ascertain motives. Code Ann. § 38-302; *Hibbs v. State,* 133 Ga. App. 407 (1) (211 SE2d 24); *Newton v. State,* 132 Ga. App. 873 (3) (209 SE2d 690). Review of the record also reveals that these same facts were testified to, without objection, by other witnesses. There was no error in admitting this testimony.

9. In his final enumeration, defendant asserts the court erred in not exercising its discretion in considering the possibility of probating the sentence. We agree.

In sentencing the defendant the court said "I know of no provision that would bring it [the sentence] within the normal probation range, certainly not within the misdemeanor range." Defendant argues that the court's statement indicated it lacked the power to consider probation. Code Ann. § 27-2709 and the adjudicated cases hold that the trial court did in fact have the authority to consider probation in a case of this nature. *Collett v. State,* 131 Ga. App. 411 (1) (206 SE2d 70), revd. on other grounds, *State v. Collett,* 232 Ga. 668 (208 SE2d 472).

It is not clear from the words used by the trial judge whether there was recognition of the power to consider probation or whether the court's choice was deliberately not to exercise that discretion. We read the court's language as meaning that it lacked discretion to probate any sentence in this case. Therefore, we vacate the sentence imposed and remand the case for resentencing with consideration being given to probation if the trial court wishes to do so.

*Judgment affirmed; sentence is vacated and case remanded for resentencing in accordance with opinion. Bell, C. J., and Stolz, J., concur.*

SUBMITTED SEPTEMBER 22, 1976 — DECIDED SEPTEMBER 29, 1976.

*Milton Gardner, George M. Stembridge,* for appellant.

*Joseph H. Briley, District Attorney, Charles D. Newberry, Assistant District Attorney,* for appellee.