## 55551. CARTER v. THE STATE.

SHULMAN, Judge.

Appellant was convicted of theft by taking, from which conviction he appeals with 10 enumerations of error. We affirm.

1. Appellant's first three enumerations of error, raising the general grounds, are wholly without merit. The evidence introduced at trial was sufficient to convict appellant of the crime charged.

2. The fourth enumeration of error complains of the denial of appellant's motion for a directed verdict. In accordance with the standard announced in *Bethay v. State,* 235 Ga. 371 (1) (219 SE2d 743), we have examined all the evidence introduced at trial and have determined that there was sufficient evidence, under the "any evidence" rule of *Bethay,* to justify the denial of appellant's motion for a directed verdict.

3. In appellant's eighth enumeration of error, he contends that the trial court erred in refusing to give a requested charge on circumstantial evidence. A review of the transcript shows that the trial court gave half the requested charge verbatim and charged the substance of the other half of the requested instruction but not in the exact language requested. Since the charge as given was correct, there was no error in departing from appellant's chosen wording. *Cohran v. State,* 141 Ga. App. 4 (2) (232 SE2d 355).

4. In his ninth enumeration of error, appellant asserts that a charge on intoxication as no excuse for the commission of a crime was not authorized by the evidence, citing *Sweat v. State,* 119 Ga. App. 646 (2) (168 SE2d 654). In the present case, however, unlike *Sweat,* the evidence was sufficient to authorize a finding that appellant committed the crime. That evidence, coupled with appellant's admission that he had been drinking on the

night of the crime, was sufficient to authorize the charge. *Helton v. State,* 84 Ga. App. 485 (2) (66 SE2d 139).

5. The trial judge instructed the jury on conspiracy, which instruction, appellant insists in his tenth enumeration of error, was not authorized by the evidence. On the contrary, the evidence showed the involvement of appellant and another in the crime charged. The instruction was authorized. *Battle v. State,* 231 Ga. 501 (202 SE2d 449).

6. During cross examination, appellant denied making certain statements at his committal hearing. The state then called as a rebuttal and impeaching witness the justice of the peace who presided at the hearing, and whose testimony was to lay a foundation for a tape recording of appellant's testimony at the hearing. At the time the tape recording was offered, defense counsel objected, ". . . and I don't believe the state has made a proper foundation, and the chain of custody, it has not been sufficient enough to show change of custody as to what's happened to this end. . ." This objection was overruled. Objection on the ground of a lack of a proper foundation without stating what the proper foundation should be is insufficient. *Dillard v. State,* 128 Ga. App. 747 (197 SE2d 924). Further, appellant's objection that a chain of custody had not been shown was properly overruled. The justice of the peace testified that after the hearing, the tape was turned over to the district attorney. The district attorney then stated in his place that the district attorney's office had this tape in its custody from that time. An attorney is an officer of the court, and a statement to the court in his place is prima facie true and needs no further verification. *Morris v. State,* 228 Ga. 39 (184 SE2d 82). In proving the chain of custody the state is not required to show that the exhibit was personally guarded each minute it is in one's custody, and, in the absence of a showing to the contrary, the chain of custody is not broken. *Patterson v. State,* 138 Ga. App. 290 (226 SE2d 115). There was no evidence to show any tampering with the recording. Furthermore, appellant's objection on this ground raised a question of credibility rather than a question of chain of custody, and it therefore goes to the weight rather than the admissibility of the evidence.

*Holland v. State,* 141 Ga. App. 422 (233 SE2d 497). The trial court properly admitted the tape recording.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED FEBRUARY 28, 1978 — DECIDED JUNE 20, 1978.

*Monroe Ferguson, Joseph M. Todd,* for appellant.
*Robert E. Keller, District Attorney, Michael D. Anderson, Assistant District Attorney,* for appellee.