## 60958. BRYANT v. THE STATE.
## 60959. WILLIAMS v. THE STATE.

QUILLIAN, Chief Judge.

Bobby Bryant and Robert Williams appeal their jury conviction of burglary. *Held:*

The defendants do not contest the sufficiency of the evidence to uphold their convictions. They enumerate but two errors, each relating to questions of the trial judge to the defendants while testifying on the merits. They allege that "by his interference during the trial by expressing opinions as to the facts which have or have not been proved as well as making disparaging remarks during the testimony . . . which were emphasized by facial expressions and other physical gestures causing the audience to burst out in laughter on two occasions" that the defendants were deprived of a fair trial.

1. We have examined the record of trial thoroughly and find no prejudicial conduct of the trial court. A trial judge may, to elicit the truth or clarify the evidence, propound questions to a witness, providing that he does not violate the proscription of Code Ann. § 81-1104 (Code § 81-1104) against expressing or intimating his opinion as to what has or has not been proved, or as to the guilt of the accused. *Deese v. State,* 137 Ga. App. 476 (2) (224 SE2d 124). "The extent to which the examination conducted by the court shall go is a matter within the court's discretion." *Eubanks v. State,* 240 Ga. 544, 547 (242 SE2d 41); accord: *Wilson v. State,* 229 Ga. 224 (2) (190 SE2d 78). Two questions were asked of one defendant and three questions were asked of the other defendant. All sought clarification of an issue or the evidence. See *Perdue v. State,* 147 Ga. App. 648 (9) (249 SE2d 657). In none of the questions asked do we find that the trial court left his position of impartiality to the extent that an unfair trial resulted. *Ingram v. State,* 134 Ga. App. 935 (7) (216 SE2d 608); accord: *Karavos v. State,* 128 Ga. App. 268 (1) (196 SE2d 355); *Wheeler v. State,* 220 Ga. 535 (3a) (140 SE2d 258). We find no abuse of discretion.

2. "While it does not appear that the court committed harmful error in asking the questions, the failure of the [defendants] to object to the questions or to move for a mistrial at the trial estopped him from raising an objection on appeal." *Ezzard v. State,* 229 Ga. 465 (2) (192 SE2d 374); *State v. Griffin,* 240 Ga. 470 (241 SE2d 230); *Driggers v. State,* 244 Ga. 160 (2) (259 SE2d 133). As counsel did not object to the questions being asked, he may not now assert error. Defendants' enumerations of error are without merit.

*Judgments affirmed. Shulman P. J., concurs. Carley, J., concurs in Division 2 and in the judgment.*

DECIDED JANUARY 8, 1981.

*Jerry M. Daniel,* for appellant.

*Richard E. Allen, District Attorney, Steve Beard, Assistant District Attorney,* for appellee.