### 73330. PARRISH v. THE STATE.
(355 SE2d 682)

BEASLEY, Judge.

Parrish owned isolated property in Gilmer County. The sheriff received information from citizens concerning marijuana and obtained a search warrant, which he and a deputy went to execute. Because of the property's location, they had to walk up a trail to reach it. Defendant, seeing the officers, went behind a lean-to and reappeared with a 30/30 Marlin lever action rifle and pointed it at the officers, who were both in uniform with badges displayed. When advised about the warrant defendant directed that it be left on the ground and stated that Wells, the name on the warrant, was not his name. (It is his middle name.) Although asked to put the rifle down, defendant refused and threatened the officers with harm if they came closer. He had his thumb over the hammer and the gun cocked and pointed at the sheriff, who was approximately eight feet away. The officers left to get additional help. They had observed twelve marijuana plants, each about five feet tall, growing on the premises. They advised defendant not to destroy the plants and that they would be back. Defendant told the officers they had better have plenty of help. When they returned with other officers, defendant surrendered but the plants had been pulled up and only some leaves were found. The rifle was not recovered.

Defendant was charged with two counts of aggravated assault (OCGA § 16-5-21), and one count each of obstruction of officers (OCGA § 16-10-24), possession of marijuana (OCGA § 16-13-30), and tampering with evidence (OCGA § 16-10-94). He was convicted of two counts of simple assault and the remaining charges. As a special condition of probation, which was to be six years following four years' imprisonment, defendant was banished from the Appalachian Judicial Circuit during his probation and parole.

1. Denial of the motion for new trial on the general grounds, enu-

merated as error, is not supported with citation of authority or argument. It is thus deemed abandoned. Rule 15 (c) (2); *Exley v. State*, 180 Ga. App. 821, 823 (2) (350 SE2d 829) (1986).

2. The banishment from Pickens, Gilmer, and Fannin Counties (Appalachian Judicial Circuit) as a condition of probation is enumerated as error on the ground that it does not comport with the test for imposing banishment as set out in *State v. Collett*, 232 Ga. 668 (208 SE2d 472) (1974). The reason, defendant claims, is that he had shown the court that he owned property in Gilmer County and had behaved for the nearly year and a half he had been out on bond after arrest and up to the date of sentencing. The Supreme Court in *Collett* determined that limited banishment was not illegal per se and that defendant must show that it "is unreasonable or otherwise fails to bear a logical relationship to the rehabilitative scheme of the sentence . . ." Id. at 671.

Considering the broad boundaries of the sentencing court's discretion, as did the court in *Collett*, we find no abuse. *Wilson v. State*, 151 Ga. App. 501, 504 (8) (260 SE2d 527) (1979); *Parkerson v. State*, 156 Ga. App. 440 (274 SE2d 799) (1980); *Edwards v. State*, 173 Ga. App. 589, 590 (1) (327 SE2d 559) (1985).

In explaining the banishment provision, the court expressed its fear that, based on the propensities exhibited by defendant at the occasion on trial, the risk of violence after release from incarceration called for defendant's absence from the circuit despite defendant's good behavior while awaiting case disposition. The court took cognizance of defendant's urging that he owned property in the circuit. It appears from the record that the banishment was prompted by a rational concern for the safety of others in the community and for defendant's own safety. No abuse is shown which requires our interference.

3. Defendant specifies twelve instances of what he urges is the court's interjecting itself into the trial in violation of OCGA § 17-8-57 (formerly OCGA § 17-8-55). Eight of them were not objected to by the defendant at the time and thus were not preserved for our consideration on appeal. *Thomas v. State*, 158 Ga. App. 97, 98 (2) (279 SE2d 335) (1981); *Barber v. State*, 176 Ga. App. 103, 104 (2) (335 SE2d 594) (1985). They will not be considered for the first time at this stage. *Brantley v. State*, 177 Ga. App. 13, 14 (1) (338 SE2d 694) (1985); *Thurman v. State*, 172 Ga. App. 16, 17 (2) (321 SE2d 780) (1984).

The remaining instances of alleged intervention (other than the motion for mistrial which is addressed in Division 4) did not amount to an expression or intimation of opinion by the court as to the guilt of the accused in any way and thus did not contravene OCGA § 17-8-57. In fact, the remaining instances reflect rulings or comments in de-

fendant's favor. The comment, complained of by defendant as a reference to a "trivial objection" was made by the court in response to an objection by the *state* and did not prejudice defendant.

4. Defendant moved for a mistrial based on what he categorized as an unresponsive answer of the sheriff when asked by the district attorney what he saw, in relation to the growing marijuana plants, when he returned to the premises the second time. The second basis for the mistrial was the court's rephrasing of the question in this regard. Taken together, defendant considers this segment of the trial to be a violation of OCGA § 17-8-57. The answer referred to by defendant included the conclusion of the witness that the holes he saw where the marijuana plants had been were caused by defendant's extracting the plants during the officers' absence. The court, in attempting to get at what was being driven towards, asked what the witness saw and whether he saw anyone other than defendant at or around the location.

Out of the presence of the jury, the court admonished the witness to describe only what he saw. The court's explanation, in response to the motion, that its questions were merely to clarify the inquiry, is borne out by the record. We perceive no abuse of the court's discretion in conducting the trial so that the evidence upon which the jury could find the facts was elicited promptly and directly. "The trial court may address a leading question to a witness in order to elicit the truth or clarify an issue, provided that he does not violate the statutory prohibition set forth in OCGA § 17-8-57 . . . against expressions or intimations of opinion as to what has or has not been proved or as to the guilt of the accused." *Cannon v. State*, 179 Ga. App. 142, 143 (2) (345 SE2d 623) (1986). The questions here did not contain any expressions or intimations and were addressed to relevant issues so as to assist the jury in ascertaining the truth. See *Perdue v. State*, 147 Ga. App. 648, 652 (9) (249 SE2d 657) (1978), rev'd in part on other grounds; *Bryant v. State*, 157 Ga. App. 62 (1) (276 SE2d 115) (1981). This did not entitle defendant to a mistrial.

5. There is a total failure on appeal to point out any specific weaknesses in the evidence which would demand a directed verdict.

"A defendant is entitled to a directed verdict only where there is no conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom demands a verdict of not guilty. [Cits.] If there is any evidence of guilt such that an acquittal is not demanded as a matter of law, it is for the jury to decide the case . . . and where the state's evidence, as here, authorizes a conviction, it cannot be found to demand a verdict of acquittal." *Sprayberry v. State*, 174 Ga. App. 574, 577 (4) (330 SE2d 731) (1985); OCGA § 17-9-1 (a). We have reviewed the transcript on each count and find it sufficient.

The defendant did not dispute the fact that he had a weapon or that he pointed it at the officers. His answer to the charges of aggravated assault and obstruction of officers was defense of habitation, OCGA § 16-3-23. There is *no* evidence that defendant was attempting "to prevent or terminate [the officers'] unlawful entry into or attack upon a habitation," much less the kind of evidence which would demand a verdict.

As to the possession count, defendant was apparently relying on the equal access rule, since there was some evidence that a second name appeared on the deed to the property. There was no affirmative evidence, however, that anyone including the person whose name was on the deed had had actual access to the marijuana. Therefore denial of the directed verdict was not error. *Prescott v. State*, 164 Ga. App. 671, 672 (1) (297 SE2d 362) (1982); *Wright v. State*, 154 Ga. App. 400 (1) (268 SE2d 378), cert. den. 449 U. S. 900.

The defense to the tampering charge was that no one saw the defendant pull up and destroy the plants. The officers saw the defendant on the property with the plants, advised him not to remove them, and returned in two hours to find them missing. They saw no one else around the premises at either time. The jury could reasonably infer that the defendant at the very least participated in the destruction. That itself would justify conviction. OCGA § 24-4-9; OCGA §§ 16-2-20 and 16-2-21.

6. Defendant complains of the trial court's failure to give three requested jury charges. The first was given by the court.

Defendant also requested a charge on OCGA § 16-5-42, dealing with false imprisonment pursuant to warrant, process, or mandate. Since defendant was arrested without a warrant, such a charge was not appropriate and the refusal to give it was not error. *Williams v. State*, 180 Ga. App. 854, 855 (350 SE2d 837) (1986). *Prater v. State*, 171 Ga. App. 122, 124 (3) (318 SE2d 816) (1984).

The third requested charge was based on OCGA § 17-4-20, dealing with authority to arrest. As drafted, it dealt with an investigative detention, which was not involved so that the refusal to give this charge was not error. *Williams v. State*, supra; *Prater v. State*, supra.

7. The court did not err in allowing the prosecutor to read case law to the jury during his closing argument. Since *Conklin v. State*, 254 Ga. 558, 568 (10) (1985), it is improper for counsel "to supplement the court's charge by reading, in the jury's presence, law that the court is not going to charge," but *Conklin* was decided June 27, 1985, after the trial in the present case on May 22 & 23. *Conklin* is to be applied prospectively only. *Wells v. State*, 178 Ga. App. 82 (1) (342 SE2d 21) (1986).

8. Finally, defendant complains of the denial of his application for supersedeas bond by the trial court. OCGA § 17-6-1 (d). The rec-

ord reflects that the trial court did make findings and deny defendant's application for supersedeas by order of June 14, 1985 which was not appealed. Instead, defendant filed an application directly with this court, which was denied by order of July 8, 1985. Defendant then filed another application with the Supreme Court of Georgia, which denied his application on July 31, 1985.

Aside from whether the question is properly before us at this time, see, e.g., *Ledesma v. State*, 251 Ga. 885, 891 (10) (311 SE2d 427) (1984), cert. denied 467 U. S. 1241, there was no error in the trial court's denial.

In *Birge v. State*, 238 Ga. 88, 90 (230 SE2d 895) (1976) cert. den. 436 U. S. 945, the Georgia Supreme Court set out the criteria to be applied in considering the issue of bail pending appeal. *Shaw v. State*, 178 Ga. App. 67, fn.1 (341 SE2d 919) (1986). *Birge* made clear that the burden of seeking the stay of execution and release is on the defendant. No evidence other than that he owned property in the jurisdiction and had not skipped bail pending trial was offered. The court's order reflects that it found the defendant was a danger to the community and was likely to interfere with the administration of justice pending his appeal. "Whether we agree with these findings and conclusions is not controlling. There is some evidence to support at least part of the underlying basis for the trial court's conclusion. Consequently, we do not find a flagrant abuse of the trial court's discretion in denying bail." *Cooper v. State*, 178 Ga. App. 709, 717 (11) (345 SE2d 606) (1986).

*Judgment affirmed. Deen, P. J., Benham, J., concur.*

DECIDED MARCH 6, 1987 —
REHEARING DENIED MARCH 19, 1987 — 

*G. Hughel Harrison, Samuel H. Harrison*, for appellant.
*Roger G. Queen, District Attorney, William H. Boggs, Assistant District Attorney*, for appellee.