69629. EDWARDS v. THE STATE.
(327 SE2d 559)

POPE, Judge.

Appellant entered a plea of guilty in the Superior Court of Early County to the offense of conspiracy to commit aggravated battery. Although sentenced to ten years, appellant was allowed to serve his sen-

tence on probation upon payment of a $5,000 fine. As a special condition of his probation, appellant was banished for the tenure of his sentence beginning February 23, 1983 from the Pataula Judicial Circuit which includes Early, Seminole, Miller, Clay, Quitman, Randolph and Terrell Counties. The terms and conditions of his probation were explained to him and he signed the order on February 2, 1983 acknowledging that he so understood.

Appellant paid the fine and then moved his residence to Columbia, Alabama, across the Chattahoochee River from Early County in Georgia. In late February 1983, supervision of his probation was transferred to the Alabama Board of Pardons and Paroles in Houston County, Alabama. At the time he was sentenced and at all times pertinent to this appeal, appellant owned an establishment, the Hilltop Lounge, located in Early County just inside the Georgia state line from Alabama. After appellant was banished from the Pataula Circuit, his wife managed the Hilltop Lounge.

On the afternoon of April 9, 1984, appellant's wife discovered that a fire had occurred at the Hilltop Lounge. She informed appellant and, upon his instructions, locked and closed the lounge. Later that evening, appellant heard the Columbia Fire Department respond to a call. Upon learning that it was a fire at the Hilltop Lounge, appellant joined his wife and two friends and drove to Early County to the scene of the fire where he talked, somewhat abusively, to the Fire Chief of Blakely, Georgia. Appellant admitted that he did not have permission to enter Early County on April 9, 1984. On April 10, 1984 appellant telephoned Early County Superior Court Judge Sheffield to request permission to enter Early County to survey the fire damage to the Hilltop Lounge as well as to meet with insurance adjusters and arson investigators. Judge Sheffield advised him to call his probation officer. Appellant received such permission from the probation office in Alabama and went to Early County to the Hilltop Lounge on April 10, 1984. He then returned to Columbia, Alabama the same day and was arrested for violating the special condition of his probation. After a hearing, appellant's probation was revoked.

1. Appellant first asserts as unconstitutional the special condition of his probation banishing him from the Pataula Judicial Circuit. This appeal was initially filed in the Supreme Court and was then transferred to this court without opinion for disposition, thus eliminating and resolving any constitutional issues raised by appellant. See *Denton v. State*, 154 Ga. App. 427 (2) (268 SE2d 725) (1980). See also *Howard v. Atlanta Cardio Pulmonary Assn.*, 173 Ga. App. 437 (___ SE2d ___) (1985); *Cassells v. Bradlee Mgt. Services*, 161 Ga. App. 325 (1) (291 SE2d 48) (1982). Moreover, "(b)anishment of one convicted of a crime from a county or counties has been held to be a reasonable condition of probation. *State v. Collett*, 232 Ga. 668 (208 SE2d 472)

(1974)." *Parkerson v. State,* 156 Ga. App. 440 (274 SE2d 799) (1980). See also *Flick v. State,* 159 Ga. App. 678 (285 SE2d 58) (1981); *Wilson v. State,* 151 Ga. App. 501 (8) (260 SE2d 527) (1979).

2. Appellant next contends that the evidence is insufficient to support the order revoking his probation. "As to the sufficiency of the evidence, this court repeatedly has held that the trial judge is not bound by the same rules of evidence as a jury in passing on the guilt or innocence of the accused in the first instance. The judge is the trier of facts. He has a very wide discretion. Only slight evidence is required to authorize revocation, and where there is any evidence supporting the prohibited . . . activity charged as a violation of the probation, this court will not interfere with the revocation of the trial court in the absence of a manifest abuse of discretion." (Citations and punctuation omitted.) *Hayes v. State,* 168 Ga. App. 94, 96 (308 SE2d 227) (1983). Accord *Morris v. State,* 170 Ga. App. 849 (1) (318 SE2d 517) (1984); *Corbitt v. State,* 166 Ga. App. 311 (2) (304 SE2d 123) (1983). The order of the trial court revoking appellant's probation states that such action was taken based upon appellant's violation of the special condition of probation by his entry into Early County. It is clear from the transcript that appellant's entry into Early County on April 10, 1984 was proper as it was done with the permission of his probation office. However, it is equally clear that his entry into Early County on the evening of April 9, 1984 was without such permission. Testimony established that on February 2, 1983 appellant's initial probation supervisor had explained to him the terms and conditions of his probation, including banishment from the Pataula Judicial Circuit. The counties included therein had been named to appellant as well as the duration. Further, the supervisor advised appellant "not to enter any of those counties without leave of the Court, and to obtain permission from the Court, in case of an emergency to contact either myself, the District Attorney's Office or the Sheriff's Office." Appellant admitted that he understood the supervisor's explanation and understood that he needed appropriate permission to enter the Pataula Judicial Circuit. He felt, however, that the trip to Early County on April 9, 1984 was an emergency justifying his entry without even seeking permission.

" 'Probation is granted as a privilege, and not as a matter of right; and the revocation of the probation is punishment for the crime for which the defendant was convicted in the first instance.' *Johnson v. State,* 214 Ga. 818, 819 (108 SE2d 313) [(1959)]." *Geiger v. State,* 140 Ga. App. 800, 801 (232 SE2d 109) (1976). It is undisputed that appellant was present in Early County on April 9, 1984 in violation of the special condition of his probation. The order of the trial court is, thus, supported by the evidence. While this court may have reached a contrary result on these facts, we cannot say that the trial court's rev-

ocation of appellant's probation was such a manifest abuse of its discretion as to require reversal.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED FEBRUARY 27, 1985.

*Daniel MacDougald III*, for appellant.

*Charles M. Ferguson, District Attorney, David H. Moseley, Assistant District Attorney*, for appellee.