A90A1508. WYCHE v. THE STATE.
(397 SE2d 738)

McMURRAY, Presiding Judge.
Defendant was accused of violating the Georgia Controlled Substances Act (possession of cocaine) and entered a guilty plea. He was sentenced to serve eight years, four years in confinement and the remaining four years on probation. One of the conditions of probation reads as follows: "Upon release from incarceration, immediately leave the area comprising the Georgia counties of Brooks, Colquitt, Echols, Lowndes and Thomas, and do not return into said area at anytime." Defendant appeals, asserting the trial court erred in imposing banishment as a condition of probation. *Held*:

1. Defendant posits that the condition of banishment imposed by the trial court is unlimited in its duration and, therefore, void. We disagree. Inasmuch as the banishment is a condition of probation, it is obvious that the banishment is to be in effect only during defendant's probation. Compare *Kerr v. State*, 193 Ga. App. 165, 169 (6) (387

SE2d 355), in which the defendants in that case were banished indefinitely as a condition for suspending their sentences. Thus, the trial court's order in the case sub judice simply prohibits defendant from entering the prescribed counties at "anytime" during the probationary period.

2. Defendant contends the banishment condition is unreasonable in that it does not fit within a rehabilitative scheme designed for defendant's benefit. This contention is without merit. There was no showing that the banishment condition fails to serve a rehabilitative function. See generally *State v. Collett*, 232 Ga. 668, 670, 671 (208 SE2d 472). Besides, when it comes to drug crimes, banishment obviously serves a rehabilitative function in that it removes the offender from a locale in which he previously succumbed to the temptation of drugs.

3. Defendant's assertion that the sentence is ambiguous is not meritorious. Inasmuch as the banishment condition is a special condition of probation, it will simply expire upon the expiration of the probationary term. We find no ambiguity here.

*Judgment affirmed. Sognier, J., concurs. Carley, C. J., concurs in Division 1, Division 3 and in the judgment.*

DECIDED OCTOBER 3, 1990.

*Tillman, McTier, Coleman & Talley, Richard L. Coleman, William E. Holland,* for appellant.

*H. Lamar Cole, District Attorney, Catherine H. Helms, Assistant District Attorney,* for appellee.