### A95A2398. PRESHA v. THE STATE.
(469 SE2d 293)

BEASLEY, Chief Judge.

After pleading guilty to two counts of selling cocaine, OCGA § 16-13-30 (b), Presha was sentenced to serve two consecutive terms of thirty years, the first ten while incarcerated and the remainder on probation. As a condition of probation, the court required that Presha, a lifelong resident of Thomasville, leave and not return to the area of Brooks, Colquitt, Echols, Lowndes, and Thomas counties. He asserts that such a lengthy banishment violates both the Eighth Amendment to the United States Constitution and the Georgia Constitution of 1983, Art. I, Sec. I, Par. XVII. Presha also seeks to invoke OCGA § 38-2-460, but it does not apply to his case.

We cannot reach either constitutional issue because Presha made no objection in the trial court to the sentence, either at the sentence hearing or by sentence review request. Thus, the issue was not preserved for appellate review. *Henderson v. State,* 218 Ga. App. 311, 312-313 (3) (460 SE2d 876) (1995); compare *Peterson v. State,* 212 Ga. App. 147, 149 (1) (441 SE2d 481) (1994). This Court does not address constitutional issues not raised below. *Ogletree v. State,* 211 Ga. App. 845, 846 (1) (440 SE2d 732) (1994).

This is not a case of "exceptional circumstances," where the Court will excuse the failure and take notice of error sua sponte, as was *Taylor v. State,* 186 Ga. App. 113, 114-115 (3) (366 SE2d 422) (1988). While it may be that the length of the banishment here makes the case "exceptional," there is no error such as fits either of the categories identified in *Taylor.*

Presha has the burden to show the probation condition is unreasonable. *State v. Collett*, 232 Ga. 668, 670-671 (208 SE2d 472) (1974). He does not contend that banishment itself is unreasonable but that it is excessive in length. We affirmed a banishment of ten years, with no discussion about length, in *Edwards v. State*, 173 Ga. App. 589, 590-591 (1) (327 SE2d 559) (1985). Presha's probation condition was imposed on a sentence of lawful duration, *Boyd v. State*, 204 Ga. App. 729, 730 (420 SE2d 389) (1992), and is of recognized utility. *Wyche v. State*, 197 Ga. App. 148, 149 (2) (397 SE2d 738) (1990). As the State points out, Presha could have been banished to prison for the entire 60 years. In fact, it appears that if he had objected to the condition at the hearing, the court would not have abused its discretion if it had sentenced him to 60 years to serve. *Garland v. State*, 160 Ga. App. 97, 99 (4) (286 SE2d 330) (1981).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 8, 1996.

*Andrew W. Clark*, for appellant.

*H. Lamar Cole, District Attorney, James E. Hardy, Mark E. Mitchell, Assistant District Attorneys*, for appellee.