## A97A2317. MASSEY v. THE STATE.
(493 SE2d 255)

BLACKBURN, Judge.

After pleading guilty to burglary, Massey was sentenced to serve a split sentence of twelve years, the first five years in confinement and the remaining seven years on probation. As a condition of probation, Massey was banished from the counties comprising the Southern Judicial Circuit.[1] Massey contends that this banishment violates both the Eighth Amendment to the United States Constitution and Art. I, Sec. I, Par. XVII of the Georgia Constitution.

As Massey made no objection to the sentence in the trial court, neither of the constitutional issues he now raises was preserved for appellate review. This Court will not consider constitutional issues which were not raised below. *Ogletree v. State*, 211 Ga. App. 845, 846 (1) (440 SE2d 732) (1994). Furthermore, this is not a case of "exceptional circumstances" where the Court will excuse the failure and

---

[1] The Southern Judicial Circuit includes the counties of Brooks, Colquitt, Echols, Lowndes, and Thomas, of the latter of which Massey was a lifelong resident.

take notice of the error sua sponte. *Presha v. State*, 220 Ga. App. 124 (469 SE2d 293) (1996).

"[Massey] has the burden to show the probation condition is unreasonable. He does not contend that banishment itself is unreasonable but that it is excessive in length. We affirmed a banishment of ten years, with no discussion about length, in *Edwards v. State*, 173 Ga. App. 589, 590-591 (1) (327 SE2d 559) (1985). [Massey's] probation condition was imposed on a sentence of lawful duration, and is of recognized utility. As the State points out, [Massey] could have been banished to prison for the entire [12] years." (Citations omitted.) Id. at 125.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 3, 1997.

*Andrew W. Clark*, for appellant.

*J. David Miller, District Attorney, James E. Hardy, Mark E. Mitchell, Assistant District Attorneys*, for appellee.