## A98A1636. SANCHEZ v. THE STATE.
### (508 SE2d 185)

SMITH, Judge.

Hernan Villa Sanchez appeals from an order of the superior court of Rockdale County revoking his probation. The trial court determined that Sanchez, an illegal alien, violated two conditions of his probation by remaining within the state of Georgia after being banished from the state and failing to return to his native Mexico as the court had ordered him to do within thirty days of his release. We granted Sanchez's application for discretionary appeal, and we reverse.

1. The trial court erred both in its original sentence conditioning Sanchez's probation on banishment from the state, and by revoking his probation on that basis. A trial court may order that a probationer "[r]emain within a specified location." OCGA § 42-8-35 (6). But Article I, Section I, Paragraph XXI of the Constitution of the State of Georgia proscribes banishment "beyond the limits of the state" for a crime. This prohibition is "firmly fixed in our fundamental law." *State v. Collett*, 232 Ga. 668, 669 (208 SE2d 472) (1974).

A court may banish a probationer from certain areas of the state as a condition of probation. See, e.g., *Edwards v. State*, 173 Ga. App. 589, 590-591 (1) (327 SE2d 559) (1985) (banishment from judicial circuit); *Wilson v. State*, 151 Ga. App. 501, 504 (8) (260 SE2d 527) (1979) (banishment from county). But such a condition must be related logically to the rehabilitative purposes of the sentence. See *Collett*, supra at 671. See also *Wyche v. State*, 197 Ga. App. 148, 149 (2) (397 SE2d 738) (1990) (physical precedent only) (banishment for drug offense reasonably related because removes offender from source of drugs).

Banishment, even from a single county, is "unreasonable as a matter of law," for the *totally unrelated* crime of battery. *Dudley v. State*, 230 Ga. App. 339, 341 (496 SE2d 341) (1998) (banishment from single county and requirement of permission to leave home county). In the present case, Sanchez pled guilty to the offense of battery. As in *Dudley*, banishment as a condition of probation does not bear a logical relationship to the rehabilitative purposes of a sentence for battery, particularly when banishment is extended to the entire state.

2. The order to return to Mexico also exceeded the trial court's authority. 8 USC § 1229a (a) (3) (1998) specifies removal or deportation proceedings under that section as the "sole and exclusive procedure" for removing aliens from the United States. The Eleventh Circuit Court of Appeals has said of § 1229a (a) (3) that "the language is quite clear: immigration judges alone have the authority to determine whether to deport an alien." *United States v. Romeo*, 122 F3d 941, 943 (11th Cir. 1997).[1] Since *Romeo*, the first case to interpret the new provisions of § 1229a (a) (3), the Eleventh Circuit has consistently held that only the Attorney General, through the Immigration and Naturalization Service, has the power to seek deportation, and that only immigration courts may order deportation. See *United States v. Giraldo-Prado*, 150 F3d 1328 (11th Cir. 1998); *United States v. Alborola-Rodriguez*, 153 F3d 1269, 1272 (11th Cir. 1998); *United States v. Hernandez*, 145 F3d 1433 (11th Cir. 1998); *United States v. Biro*, 143 F3d 1421 (11th Cir. 1998).

Ordering a defendant to leave the country as a condition of probation constitutes an order of deportation. *United States v. Abushaar*, 761 F2d 954 (3rd Cir. 1985). In *Abushaar*, the Third Circuit Court of Appeals held that "the 'banishment' condition of [defendant's] probation amounts, de facto, to deportation and circumvents the law and regulations relating to deportability of aliens." Id. at 959. The court declared that "a condition of probation may not circumvent another statutory scheme," and that deportation is "exclusively the province of the Attorney General, through the Immigration and Naturalization Service." (Footnote omitted.) Id. at 960-961. We find the reasoning of the Third and Eleventh Circuits persuasive, and we hold that the trial court in this case had no authority to deport Sanchez or order him to spend his probation outside the United States.

3. Having determined that the order of banishment was errone-

---

[1] "Although federal decisions are not binding on this Court, we consider their reasoning persuasive, and in the absence of pertinent Georgia authority we are free to follow it." *Lane v. Montgomery Elevator Co.*, 225 Ga. App. 523, 529, n. 3 (484 SE2d 249) (1997). This is especially so where, as here, we are dealing with a matter in which the federal courts have exclusive jurisdiction.

ous, we must consider Sanchez's failure to object either at the time of sentencing or at the subsequent revocation hearing. Generally, "issues not properly raised and ruled on below cannot be raised for the first time on appeal." *Hobdy v. State*, 222 Ga. App. 625, 626 (475 SE2d 686) (1996). This Court will not consider constitutional issues not raised below. *Massey v. State*, 229 Ga. App. 123 (493 SE2d 255) (1997).

But the Supreme Court has made an exception to this general rule in "cases of 'plain error.' " (Footnote omitted.) *Lynd v. State*, 262 Ga. 58, 60-61 (8) (414 SE2d 5) (1992). The Supreme Court defined plain error as "that which is 'so clearly erroneous as to result in a likelihood of a grave miscarriage of justice' or which 'seriously affects the fairness, integrity or public reputation of a judicial proceeding.' [Cit.]" Id. at 61, n. 2. Although *Lynd* was a death penalty case, this Court has applied the rule in a civil case to determine whether an error was sufficiently great so as "to constitute a plain error of which an appellate court can take notice sua sponte." *Drug Emporium v. Peaks*, 227 Ga. App. 121, 125 (488 SE2d 500) (1997).

This Court has also applied the plain error rule in cases presenting "exceptional circumstances." *Putnam v. State*, 231 Ga. App. 190, 193 (3) (498 SE2d 340) (1998) (physical precedent only); *Taylor v. State*, 186 Ga. App. 113, 114-115 (3) (366 SE2d 422) (1988). See also *Presha v. State*, 220 Ga. App. 124 (469 SE2d 293) (1996) (recognizing general principle but not applying). "In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." (Citations and punctuation omitted.) *Almond v. State*, 180 Ga. App. 475, 480 (349 SE2d 482) (1986) (on motion for reconsideration). See also *Massey v. State*, supra at 123-124 (recognizing " 'exceptional circumstances' where the Court will excuse the failure and take notice of the error sua sponte. [Cit.]").

Here, exceptional circumstances exist. Sanchez does not speak English and communicated through another individual,[2] he was apparently unrepresented by counsel at both the sentencing and the probation revocation,[3] and the error involves a constitutional viola-

---

[2] It is unclear whether this individual, a Mr. Rodriguez, was an official interpreter or simply a friend or relative of Sanchez.

[3] Some dispute exists concerning whether Sanchez was represented by counsel. The State claims that Sanchez had the benefit of counsel at both the guilty plea and the revocation hearing. The record, however, is at best ambiguous. It seems clear that Sanchez was unrepresented at the revocation hearing: the transcript indicates only that Sanchez appeared "pro se," and an anonymous public defender responded, "No, your honor," when asked if that lawyer had anything to say on behalf of Sanchez. The question of Sanchez's

tion as well as apparent preemption by federal law.

In *Massey v. State,* supra, cited by the State in support of its position, no exceptional circumstances were involved, and the appellant had appealed only the length of his banishment from one judicial circuit. This case is different. Sanchez is not appealing the length of his banishment, an area of law that is well settled, nor is Sanchez appealing a banishment from a county or judicial circuit. Sanchez is appealing an unauthorized order banishing him from the entire state in violation of the Georgia Constitution and ordering him to return to Mexico in violation of the exclusive authority of the immigration courts.[4]

"It would seriously affect the fairness and integrity of the judicial system to allow an illegal and unauthorized sentence to stand." *Taylor v. State,* supra at 115. This revocation of probation, based on conditions that violate the Georgia Constitution and exceed the power of the trial court, must be reversed.

*Judgment reversed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 20, 1998.

*Heather C. Waters,* for appellant.
*Cheryl F. Custer, District Attorney, Charles C. Flinn, Assistant District Attorney,* for appellee.

---

representation at the guilty plea is less clear. Various signatures purporting to be those of attorneys appear on English-language documents such as the accusation, the request for trial, and sentence, as well as the Spanish-language guilty plea. But the guilty plea, on the line stating "Mi abogado es" (My lawyer is) contains the notation "N/A." No transcript of the guilty plea appears in the record. We therefore cannot determine with any certainty from this record if Sanchez was actually represented by counsel with whom he could communicate at the time of sentencing.

[4] This also raises an issue of subject matter jurisdiction. See *United States v. Alborola-Rodriguez,* supra at 1272; *United States v. Giraldo-Prado,* supra.