## A99A2215. ADAMS v. THE STATE.
(527 SE2d 911)

PHIPPS, Judge.

A jury found William Henry Adams guilty of two counts of felony sale of cocaine and two counts of felony possession of cocaine. After the jury returned its verdict but before sentencing, the district attorney introduced evidence of prior felony convictions for (1) possession of cocaine, (2) interference with government property, (3) obstruction of an officer, and (4) burglary.

---

During sentencing, the trial judge determined that the possession charges merged with the sale charges and sentenced Adams on the two counts of the sale of cocaine. The trial judge sentenced Adams on one count to thirty years confinement under Georgia's recidivist statute.[1] He sentenced Adams on the second count to 30 years on probation, with the sentences to run concurrently, based on his concern that the parole board may decide to release Adams prior to the completion of his 30-year sentence. Because it was his intention to impose a sentence that would keep Adams out of the judicial circuit for 30 years, as a special condition of probation and as a backup to the prison sentence, the trial judge banished Adams from the Lookout Mountain Judicial Circuit (including Chattooga, Walker, Catoosa, and Dade Counties) for 30 years. On appeal, Adams challenges the length of the banishment.

Adams was sentenced under OCGA § 17-10-7 (c), which requires that he serve the entire 30-year sentence imposed by the judge without the possibility of parole. We must assume that he will serve the entire 30 years in prison. But if he is released before the expiration of 30 years, the special condition of probation will keep him out of the judicial circuit for the remainder of the 30 years. Based on the record, we find this special condition of probation is not unreasonable.[2]

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 13, 2000.

*Samuel C. Finster, Sr., William U. Hyden, Jr.,* for appellant.
*Herbert E. Franklin, Jr., District Attorney, Bruce E. Roberts, Assistant District Attorney,* for appellee.

---

[1] OCGA § 17-10-7 (c). This statute provides:
[A]ny person who, after having been convicted under the laws of this state for three felonies . . . commits a felony within this state other than a capital felony must, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.
[2] *Massey v. State*, 229 Ga. App. 123, 124 (493 SE2d 255) (1997).