A07A2350. HALLFORD v. THE STATE.
(657 SE2d 10)

MILLER, Judge.

A Richmond County grand jury accused David Scott Hallford of burglary, possession of tools for the commission of a crime, aggravated stalking, interference with a 911 call, and family violence battery. Pursuant to a negotiated plea, Hallford pled guilty to burglary, possession of tools for the commission of a crime, and family violence battery, and the remaining two charges were nolle prossed. The trial court sentenced Hallford to serve fifteen years on the burglary offense, five years on the possession offense, and one year on the battery offense, with the sentences to be served concurrently. The trial court further ordered Hallford to serve the first seven years of his sentence in confinement with the remaining eight years to be served on probation subject to, among other conditions, that Hallford be "banished from Georgia if the victim still lives in Richmond County."

---

[10] *RadioShack Corp. v. Cascade Crossing II, LLC*, 282 Ga. 841 (653 SE2d 680) (2007).

While incarcerated, Hallford filed a habeas corpus petition, and the habeas court apparently concluded that the condition of probation which banished Hallford from Georgia was illegal.[1] On December 13, 2006, Hallford filed a motion to withdraw his plea or in the alternative to correct a void sentence, asserting that his initial sentence was void because (i) he had been unconstitutionally banished from the State, (ii) the indictment did not charge the elements of burglary, and (iii) the trial court improperly considered aggravating facts not admitted in the plea to enhance his sentence. The trial court modified the conditions of Hallford's probation to provide that he was banished not from the entire State, but from the Augusta Judicial Circuit and eight other Georgia counties during the term of his probation. The trial court otherwise denied Hallford's motion, and Hallford appeals from the trial court's order. We find no error and affirm.

1. Hallford contends that he was entitled to withdraw his guilty plea as a matter of right because he received a void sentence when the trial court unconstitutionally banished him from Georgia as a condition of his probation. We disagree.

As a rule, "[a] defendant . . . has an absolute right to withdraw his plea before sentence is pronounced." *Kaiser v. State*, 285 Ga. App. 63, 65 (1) (646 SE2d 84) (2007) (*"Kaiser II"*). See OCGA § 17-7-93 (b). Since a void sentence is the same as no sentence at all, the defendant stands in the position as if he had pled guilty and not been sentenced, and so may withdraw his guilty plea as of right before resentencing, even following the expiration of the term of court in which the void sentence was pronounced. *Kaiser II*, supra, 285 Ga. App. at 65-66 (1); *Mullins*, supra, 134 Ga. App. at 243-244 (2).

If Hallford's sentence was void, therefore, he had a right to withdraw his guilty plea. Here, Hallford shows only that a condition of his probation was illegal, but not that the improper condition of probation otherwise rendered his sentence void. Generally, invalid conditions of probation may simply be stricken. *Inman v. State*, 124 Ga. App. 190, 195 (2) (183 SE2d 413) (1971) (trial court directed to enter original sentence with direction to remove condition of probation that required defendant to maintain a "short haircut"). See also *Harrison v. State*, 201 Ga. App. 577, 583 (5) (411 SE2d 738) (1991) (condition banning defendant from engaging in the bond business

---

[1] The habeas order is not in the appellate record, nor does the order appear to have been before the trial court, and thus "[w]e decide this case without reference thereto." *Mullins v. State*, 134 Ga. App. 243, 244 (3) (214 SE2d 1) (1975). That banishment from the State as a condition of Hallford's probation was illegal is not contested by the State. See 1983 Ga. Const., Art. I, Sec. I, Par. XXI ("[n]either banishment beyond the limits of the state nor whipping shall be allowed as a punishment for crime").

was invalid and ordered stricken upon return of the case to superior court); *Wyatt v. State*, 113 Ga. App. 857, 859 (3) (b) (149 SE2d 837) (1966) ("[t]he general rule is that if a sentence is legal in part and illegal in part, and the one may be separated from the other, that which is legal will be enforced and that which is illegal will be ignored").

This Court has also vacated conditions of probation and remanded the case for resentencing only as to the vacated condition. *Ellis v. State*, 221 Ga. App. 103, 104 (1) (470 SE2d 495) (1996) (vacating condition of probation prohibiting defendant from "spending time at locations where children were present"); *Davis v. State*, 172 Ga. App. 787, 790 (6) (324 SE2d 767) (1984) (vacating condition of probation prohibiting defendant from entering any establishment where alcohol is sold or consumed, other than "community recognized 'convenience stores' "). By implication, if not expressly stated, an invalid condition of probation does not necessarily render a defendant's sentence otherwise void so as to require resentencing except to correct the improper condition of probation.

Hallford argues that his case is nevertheless controlled by this Court's decisions in *Kaiser v. State*, 275 Ga. App. 684 (621 SE2d 802) (2005) ("*Kaiser I*") and in *Kaiser II*. The facts of *Kaiser I* and *Kaiser II*, however, are distinguishable from the facts before us. In *Kaiser I*, we vacated Kaiser's sentence in its entirety based on an illegal condition of probation and ordered that Kaiser be resentenced on the numerous counts to which he had pled guilty. *Kaiser I*, supra, 275 Ga. App. at 686 (2). The conditions of probation were part of Kaiser's negotiated plea agreement, including the condition that he not practice medicine in Georgia or any state contiguous to Georgia for the term of his probation. At the sentencing hearing, however, the trial court, sua sponte, modified that condition to prohibit Kaiser from *ever* practicing medicine in Georgia or the surrounding states, thus extending the term of his sentence indefinitely. *Kaiser I*, supra, 275 Ga. App. at 685 (1).

As we noted in *Kaiser II*, after recounting our decision to vacate Kaiser's sentence in its entirety in *Kaiser I*, "[i]n many circumstances it is appropriate to view the final negotiated plea agreement as a 'package' deal, the terms of which should not be treated in isolation from one another but rather as a cohesive whole." (Citation and punctuation omitted.) *Kaiser II*, supra, 285 Ga. App. at 63, n. 1. Here, although Hallford also pled guilty pursuant to a negotiated plea agreement, his plea agreement left all conditions of his probation in the discretion of the trial court. The agreement provided merely that the State would make no recommendation as to Hallford's sentence and would nolle prosequi two of the five counts of which he was accused. As a result, the conditions of probation were not part of a

negotiated "package" such that vacating a condition of probation would in fairness lead to the voiding of the entire plea agreement. Compare *Clue v. State*, 273 Ga. App. 672, 675 (615 SE2d 800) (2005) ("if a material portion of a negotiated plea agreement has been vacated . . . 'the fairest remedy is to rescind the entire plea agreement'" (quoting *Rojas v. State*, 52 Md. App. 440, 446 (450 S2d 490) (1982)). See also *Rutherford v. Blankenship*, 468 FSupp. 1357, 1361 (W.D. Va. 1979) ("banishment condition [that] petitioner complains of . . . [is] null, void, and unenforceable[, but] this does not affect the validity of the remaining ten year sentence and the public's right to see the sentence properly served").

We conclude that, notwithstanding *Kaiser I* and *Kaiser II*, the trial court was not required to vacate Hallford's entire sentence and allow him to withdraw his plea before resentencing. Rather, the trial court provided appropriate relief by modifying the conditions of probation without resentencing Hallford on the crimes to which he pled guilty. "If the conditions of probation are believed to be illegal[,] the appellant may apply for modification under the provisions of [OCGA § 42-8-34] which continues jurisdiction of probation in the sentencing judge." *Dean v. Whalen*, 234 Ga. 182, 183 (215 SE2d 7) (1975). See OCGA §§ 17-10-1 (a), (f); 42-8-34 (g). See generally *Gould v. Patterson*, 253 Ga. App. 603, 604 (2) (560 SE2d 37) (2002) (modification of probation condition was rehabilitative and did not infringe on appellant's due process rights and did not require notice, hearing, or second trial).

2. Hallford also contends that the trial court erred in banishing him from certain counties within Georgia because the condition of probation was punitive and devoid of any rehabilitative purpose.[2] We disagree.

Banishment from counties within the State has been upheld as a reasonable condition of probation. *Adams v. State*, 241 Ga. App. 810, 811 (527 SE2d 911) (2000) (banishment from judicial circuit for 30-year term of sentence not unreasonable); *Wyche v. State*, 197 Ga. App. 148, 149 (2) (397 SE2d 738) (1990) (banishment from five counties not unreasonable as it removed "the offender from a locale in which he previously succumbed" to criminal activity); *Parrish v.*

---

[2] Hallford also claims that his condition of probation, as modified, violates the United States and Georgia constitutions. While Hallford argued that his initial banishment from the entire State was unconstitutional, he did not raise the issue before the trial court as to the modified conditions of his probation, which provided for banishment from selected counties. As a result, we will not consider such constitutional argument here. See *Massey v. State*, 229 Ga. App. 123, 123-124 (493 SE2d 255) (1997). We note, however, that the Supreme Court of Georgia has held that the constitutional prohibition against "banishment beyond the limits of the state" (see 1983 Ga. Const., Art. I, Sec. I, Par. XXI) does not prohibit banishment from specified areas within the State. See *State v. Collett*, 232 Ga. 668, 670 (208 SE2d 472) (1974).

*State*, 182 Ga. App. 247, 248 (2) (355 SE2d 682) (1987) (banishment from judicial circuit, motivated by concerns for the safety of others in the community and the defendant's own safety, was reasonable). Such banishment may be improper, however, if it is "unreasonable or otherwise fails to bear a logical relationship to the rehabilitative scheme of the sentence." *State v. Collett*, 232 Ga. 668, 671 (208 SE2d 472) (1974).

It was shown at the sentencing hearing that Hallford's crimes were likely motivated by his relationship with the victim, his ex-wife, and the trial court explicitly referenced his consideration of the victim's residence and place of employment, as well as the residences of her immediate family, in determining which counties Hallford's banishment would include. Such consideration not only protects the victim and her family but also serves a rehabilitative purpose by removing a temptation by Hallford to re-offend. Accordingly, "[n]o abuse [of discretion] is shown which requires our interference." *Parrish*, supra, 182 Ga. App. at 248 (2).

3. Hallford further contends that he is "not guilty as a matter of law" because he pled guilty to an indictment that did not set out an offense for burglary. Although he made this argument in the context of his motion to correct a void sentence, Hallford is "essentially seeking to vacate the judgment of conviction for [burglary]." *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). Such a motion will not lie in a criminal case, and Hallford's motion is otherwise untimely as a motion to arrest judgment. See id.; *Johnson v. State*, 281 Ga. App. 401 (636 SE2d 124) (2006). Furthermore, by pleading guilty, Hallford waived all defenses other than that the indictment charged no crime, *Smith v. Hardrick*, 266 Ga. 54, 56 (3) (464 SE2d 198) (1995), and the facts set forth in the indictment sufficiently charged the crime of burglary, including the underlying felony. The trial court, therefore, did not err in denying relief to Hallford on this claim. *Wright*, supra, 277 Ga. at 811.

4. Hallford further claims that his sentence was void because, during the sentencing hearing, the trial court improperly considered a hearsay statement as a basis for enhancing Hallford's sentence. Notwithstanding Hallford's characterization of the sentence as void on this account, his claim does not assert that the trial court imposed punishment that the law does not allow but questions the sentencing procedure.

> [T]he direct appeal authorized by *Williams* [*v. State*, 271 Ga. 686 (1) (523 SE2d 857) (1999)], is limited to that taken from a sentencing court's ruling on a pleading which asserts the sentence imposed punishment the law does not allow. Rulings on pleadings asserting erroneous procedure or unfair

treatment are not subject to direct appeal because they are not rulings on whether the sentence is void. Rather, a petition for writ of habeas corpus is the means for seeking sentence review for such allegations.

*Jones v. State*, 278 Ga. 669, 670-671 (604 SE2d 483) (2004); see also *Hughes v. State*, 273 Ga. App. 705, 706 (615 SE2d 819) (2005) (if sentence falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification beyond that provided in OCGA § 17-10-1 (f)). As a result, we have no jurisdiction to consider this claim.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JANUARY 8, 2008 —
RECONSIDERATION DENIED JANUARY 29, 2008.

*McNeill Stokes*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.