## A09A1320. SHOOK v. THE STATE.
(684 SE2d 129)

ADAMS, Judge.

Danny Shook appeals from the trial court's denial of his motion to modify/reduce sentence on his conviction for cocaine possession. We affirm.

On April 12, 2006, a Union County magistrate issued an arrest warrant for Shook on one count of possession of cocaine (OCGA § 16-13-30). The subsequent accusation charged that Shook had been in unlawful possession of cocaine on March 29, 2005. Shook was released on bond, but failed to appear on the scheduled trial date of May 31, 2007, and the trial judge issued a bench warrant for his arrest.

Subsequently, Shook was arrested and jailed in Hall County on a separate drug possession charge and was transferred to Union County to appear at the rescheduled trial in this case on July 3, 2007. Shook entered a guilty plea to the Union County possession charge at that time, and the trial judge sentenced him to twenty-five years, with eight years to serve. Additionally, the trial judge banished Shook from all areas of Georgia north of Interstate 20. Shook filed a motion to withdraw his guilty plea at the same time he filed his motion to modify/reduce sentence. The trial judge denied both motions, but this appeal addresses only the motion contesting Shook's sentence. Although Shook raises a number of arguments on appeal, we find them to be without merit and affirm.

1. Shook first contends that he had already been sentenced for the crimes charged in this case, which he argues arose out of his possession of a crack pipe on March 30, 2004. But while Shook had a 2001 conviction and sentence for cocaine possession in Towns County, the record on appeal does not contain evidence of any other post-2004 conviction for cocaine possession.[1] Moreover, the accusation in this case arose out of an incident on March 29, 2005. At the hearing on Shook's guilty plea, the prosecutor recited that the basis of the charge was Shook's appearance at a probation office in 2005

---

[1] The State's notice in aggravation of sentence listing Shook's prior convictions reflects, inter alia, the 2001 possession conviction and April 2004 convictions for DUI and habitual violator in Hall County as the only convictions after 2000.

60

with a crack pipe, containing cocaine residue, in his pants pocket. Shook agreed that those were the facts underlying the charge. The trial judge also explained to Shook that this charge arose in 2005, and Shook indicated that he understood. Moreover, Shook acknowledged that he had not been charged twice, but rather stated that his probation on the earlier possession charge was revoked based upon this incident. Accordingly, this argument is without merit.

2. Shook also asserts that the trial judge erred in not giving him credit for the time served when his probation on the earlier charge was revoked. We note that Shook has not produced any documentation supporting his statement as to the revocation. But even assuming that it did occur, such revocation would merely result in his serving additional time on an existing sentence for a separate charge in another county. The trial judge did not have to consider time served on that separate charge in sentencing Shook in this case.

Rather, the trial judge was free to sentence him within the statutory range of punishment for cocaine possession. Cf. *Reynolds v. State*, 272 Ga. App. 91, 94 (2) (611 SE2d 750) (2005). Because Shook's conviction in this case was his second for possession of cocaine, he was subject to a sentence of between five and thirty years under OCGA § 16-13-30 (c), and the trial judge's sentence of twenty-five years was within the legal range of punishment.

3. Shook also takes issue, however, with the portion of the sentence banishing him from all areas of Georgia north of Interstate 20.[2] He asserts that this portion of the sentence is illegal as it serves no logical rehabilitative purpose.

A "trial court has broad discretion in fashioning probation conditions." (Citation omitted.) *Terry v. Hamrick*, 284 Ga. 24, 27 (3) (663 SE2d 256) (2008). Thus, we have upheld a trial court's discretion to banish a defendant from designated areas within the State where it is a reasonable condition of probation. *Hallford v. State*, 289 Ga. App. 350, 353 (2) (657 SE2d 10) (2008); *Adams v. State*, 241 Ga. App. 810, 811 (527 SE2d 911) (2000) (upholding banishment from judicial circuit for thirty-year term of sentence); *Wyche v. State*, 197 Ga. App. 148, 149 (2) (397 SE2d 738) (1990) (upholding banishment from five counties because it removed "the offender from a locale in which he previously succumbed" to criminal activity). Nevertheless, "banishment conditions are not unlimited: such conditions must not be unreasonable or otherwise fail to bear a logical relationship to the rehabilitative scheme of the sentence pronounced." (Citation and

---

[2] The record indicates that Shook previously had been banished from the Enotah, Appalachian, Blue Ridge and Bell-Forsyth judicial circuits in connection with his 2001 possession conviction, although that condition may have been dropped when his probation was revoked.

punctuation omitted.) *Terry v. Hamrick*, 284 Ga. at 26 (3). Shook bears the burden of demonstrating that his sentence of banishment is unreasonable. *Massey v. State*, 229 Ga. App. 123, 124 (493 SE2d 255) (1997); *Presha v. State*, 220 Ga. App. 124, 125 (469 SE2d 293) (1996).

In denying Shook's motion to modify/reduce sentence, the trial court stated that it could "banish an individual from a place so that he may receive rehabilitation services so that he will therefore not be involved with individuals with whom he has been criminally associated." Shook countered that he could obtain rehabilitative services north of Interstate 20, that he had no co-defendant and thus no known criminal associates, and that he would be separated from his family under the banishment order.

But the record establishes that Shook had a twenty-year criminal history of drug and alcohol-related convictions in at least five counties situated north of Interstate 20 and, in fact, had been arrested again for drug possession in one of those counties after he failed to appear at the first scheduled trial in this case. The trial judge's sentence of banishment allows for Shook to receive rehabilitative services while at the same time removing him from an area where he committed his prior crimes and presumably had access to illegal drugs. Accordingly, we find that Shook has failed to carry his burden of establishing that the banishment in this case was "unreasonable or otherwise fail[ed] to bear a logical relationship to the rehabilitative scheme of the sentence pronounced." See *Terry v. Hamrick*, 284 Ga. at 26-27 (3) (upholding banishment from all but one county in state where not unreasonably related to rehabilitative scheme of sentence); *State v. Collett*, 232 Ga. 668, 671 (208 SE2d 472) (1974) (same for banishment from seven-county area).

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED SEPTEMBER 10, 2009.

Danny Shook, *pro se.*

*N. Stanley Gunter, District Attorney, Cathy A. Cox-Brakefield, Assistant District Attorney*, for appellee.