### A10A2247. TANNER v. THE STATE.
(702 SE2d 788)

ANDREWS, Presiding Judge.

On appeal from his conviction for one count of aggravated child molestation, three counts of child molestation, and one count of sexual battery, Ricky Tanner argues that his sentence of 100 years with thirty to serve violated the Eighth Amendment ban on cruel and unusual punishment.

The record shows that Tanner filed a motion for new trial raising only the general grounds. At the hearing on the motion, Tanner argued that his sentence was "too harsh" and that the trial court retained the power to modify it. The trial court allowed Tanner 30 days to file a motion to modify, but noted that if Tanner did not do so, it would dispose of the motion for new trial on the general grounds alone. Tanner did not file any new motion, and the trial court denied the motion for new trial on the general grounds.

Although the trial court authorized him to do so, Tanner did not file a motion to modify or vacate his sentence. See OCGA § 17-10-1 (f) (trial court has authority to reduce sentence within one year of its

---

[15] *Hill v. State*, 290 Ga. App. 140, 145 (5) (d) (658 SE2d 863) (2008).

imposition or 120 days of receipt of remittitur from direct appeal); *Rooney v. State*, 287 Ga. 1, 2 (690 SE2d 804) (2010) ("[T]he only ground for authorizing a trial court to correct a sentence at any time is that the sentence is void.") (punctuation omitted). Because Tanner failed to obtain a ruling from the trial court concerning his sentence, we have nothing to review on appeal. See *Massey v. State*, 229 Ga. App. 123 (493 SE2d 255) (1997) (failure to challenge sentence of banishment below waived any issue on appeal).

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

### DECIDED OCTOBER 27, 2010.

*Gary R. Williams*, for appellant.

*Leigh E. Patterson, District Attorney, Natalee L. Staats, Assistant District Attorney*, for appellee.