**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 26, 2016**

# In the Court of Appeals of Georgia

A15A2343. MALLORY v. THE STATE.

BARNES, Presiding Judge.

Acting pro se, Quentin Mallory appeals the trial court's denial of his motion to remove a provision of his probation banishing him from Bartow and Gordon Counties. For the reasons that follow, we affirm the trial court's ruling.

A Bartow County jury convicted Mallory of robbery by force, false imprisonment, and simple battery, and in October 2007, the trial court sentenced him to serve 10 years in confinement, followed by 15 years on probation. The terms of his probation directed that he have no contact with the victim or her place of work and banished from Bartow and Gordon Counties, which comprise the Cherokee Judicial Circuit.[1]

In June 2015, Mallory filed a pro se motion to modify the terms of his probation. In his motion, he said that he had previously been released from

---

[1] OCGA § 15-6-1 (9).

confinement under this sentence and had been placed on probation. He further stated that, "[b]ecause of [his] inability to rely upon his only possible family support system which is exclusively present in Bartow County, he again committed crimes while on parole in Hall County. The Hall County sentence of twelve years, with six to serve, is being served concurrently with the sentence in this case."

Mallory alleged in his motion that the Board of Pardons and Paroles had notified him that he was required to complete a work release program before he could be released on parole. Due to his banishment from Bartow County, he asserts, the Department of Corrections had advised him that he is ineligible for assignment to a transition center to complete the work release program because his "only possible parole addresses are with his family in Bartow County." He acknowledged that prohibiting contact with the victim was a reasonable requirement, but argued that he had no prior history with the victim that would justify banning him from the area completely. The trial court denied the motion to modify the term of probation, and Mallory appeals.

Still acting pro se, Mallory asserts on appeal that the trial court abused its discretion by imposing the banishment provision "without a rational basis" for doing so, and in denying his motion to modify his sentence without considering either that

2

he had no relationship with the victim or the impact of the provision on his rehabilitation. He argues that the purpose of allowing a defendant to serve part or all of a criminal sentence on probation is to permit the court to exercise supervisory control over the rehabilitation of an individual who has committed criminal acts, and that banishing him from Bartow County guarantees that he cannot succeed because he needs a family support system "due to his intellectual and psychological disabilities."

Our constitution provides that "banishment beyond the limits of the state shall [not] be allowed as a punishment for crime." Ga. Const of 1983, Art. I, § I, ¶ XXI. That provision "was first added in the 1877 version of the state constitution and has been carried through verbatim in the present constitution." Jason S. Alloy, "'*158-County Banishment' in Georgia: Constitutional Implications under the State Constitution and the Federal Right to Travel,*" 36 Ga. L. Rev. 1083, 1093 (2002). In 1974, our Supreme Court considered whether the original "drafters of this constitutional provision intended to prohibit banishment 'beyond the limits of the state' but not to prohibit banishment from specified areas within the state," and concluded that they did not intend to prohibit banishment from areas within the state. *State v. Collett*, 232 Ga. 668 (208 SE2d 472) (1974).

The legislature has also established that a sentencing court may require a probationer to remain within a specified location during his period of probation, but in 2006, it amended that provision to require that banishment to a particular area must "consist of at least one entire judicial circuit as described by Code Section 15-6-1" and cannot be an area where "any service or program in which the probationer must participate as a condition of probation is not available." OCGA § 42-8-35 (a) (6) (A), (B).

Further, while "[t]he trial court has broad discretion in fashioning probation conditions[, . . .] banishment conditions are not unlimited: such conditions must not be unreasonable or otherwise fail to bear a logical relationship to the rehabilitative scheme of the sentence pronounced." (Citation and punctuation omitted.) *Terry v. Hamrick*, 284 Ga. 24, 26-27 (3) (663 SE2d 256) (2008). And although the sentencing court retains jurisdiction over a probationer and may revoke, rescind, or modify the probation terms, OCGA § 42-8-34 (g), Mallory "bears the burden of demonstrating that his sentence of banishment is unreasonable." *Shook v. State*, 300 Ga. App. 59, 61 (3) (684 SE2d 129) (2009).

Our appellate court have not considered whether the proscriptions of OCGA § 42-8-35 (a) (6) apply when a trial court imposes a condition of probation that

4

banishes a defendant from a particular location rather than confines him to a location, although logically if one is banished from 158 counties, for example, one is therefore confined to the remaining county. Our Supreme Court in *Terry*, 284 Ga. at 26 (3), n. 2., noted that the 2006 amendment to OCGA § 48-2-35 (a) (6) limiting a trial court's ability to confine a probationer to a particular area did not apply to the 1995 sentence at issue in that case, which banished the defendant from all but one Georgia county, and we have found no case specifically addressing this issue.

Here, Mallory has not met his burden of proving on the record that the condition of probation banishing him from Bartow and Gordon Counties is unreasonable. He was indicted for and convicted of (1) taking money from the victim by force, (2) confining and detaining the victim without legal authority, and (3) making physical contact of an insulting and provoking nature to the victim's person. As a condition of probation, Mallory would be required to avoid contact with the victim and her place of work in addition to being banished from Bartow and Gordon Counties. The record contains no evidence supporting Mallory's contentions regarding the restrictions on his ability to obtain release from confinement and begin serving the remainder of his sentence under probation.

Considering the absence of evidence to support Mallory's contention that the terms of his probation are unreasonable, we cannot say the trial court abused its discretion by denying Mallory's motion to modify his sentence.

*Judgment affirmed. Ray and McMillian, JJ., concur.*